## TAYLOR v. STATE.

(In Banc. March 4, 1940.)

[194 So. 475. No. 33910.]

No briefs filed.

**Ethridge, J.,** delivered the opinion of the court.

Herman Taylor was tried and convicted of murder in the Circuit Court of Holmes county, and was sentenced to death; from which judgment appeal was taken to this Court on assignment of error, without briefs. We have examined the record, and find no reversible error in the conduct of the trial.

It is first assigned for error that the trial court erred in admitting evidence, over the objection of appellant, of a confession, which was testified to by several witnesses, there being some difference in the testimony as to what the officers said in questioning the appellant in reference to the alleged crime. But the strongest evidence in behalf of appellant does not show that there was such holding out of hope, or threat of punishment, as would render the confession inadmissible. The appellant admitted on the witness stand that the confession so made was true. There was testimony to the effect that no inducements were held out and no threats made, and that the confession was entirely voluntary.

Another witness testified that one of the officers said that the appellant might just as well tell them how it happened, that if he confessed he might save his life. Another denied that such a statement was made. And still another witness testified that when such statement was made he promptly corrected it by telling appellant that they had no power to deal with the sentence—that it was entirely with the court.

The evidence by the witnesses at the time of the killing showed this to have been an atrocious murder, perpetrated while attempting to coerce the deceased and his family into paying him money—in other words, while robbing them; and that he obtained a small sum of money —according to some witnesses $10, while the defendant said $5. And the confession, which the defendant tes-

tified was true, described the killing substantially in accordance with the state's witnesses.

The judgment of conviction will be affirmed. Wednesday, the tenth day of April, is fixed as the day for the execution.

Affirmed.